**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Chance Evans,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Megann McAllister,<br><br>　　　　Defendant. | No. CIV 23-132-TUC-CKJ<br><br>**ORDER** |

On March 17, 2023, Plaintiff Austin Chance Evans ("Evans"), filed a pro se Complaint (Doc. 1). Evans has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) ("Application"), a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 3), a Motion to Reclassify the Case (Doc. 6), a Motion to Submit Records (Doc. 7), a Motion for Default Judgment (Doc. 8), Motion for Referral to Prosecutor's Office (Doc. 9), a Motion to Submit Proof of Service (Doc. 11), a Request by Non-Prisoner Pro Se Party for Electronic Noticing (Doc. 18) and a Motion to Dismiss Motions/Order (Doc. 23).

Defendant Megann McAllister ("McAllister") has filed an Amended Motion to Dismiss Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Improper Venue, and Failure to State a Claim in Which Relief May Be Granted Motions (Doc. 15), a Motion to Strike (Doc. 16), and a Motion for Order Declaring Plaintiff Vexatious Litigant (Doc. 17).

I. *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2)

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Evan's affidavit indicates Evans expects to receive $768.00 monthly in gifts and does not list any expenses. As Evans has not indicated he has any expenses, the Court cannot say he is unable to pay the fees. The Court will deny this request with leave to resubmit. Evans shall either pay the filing fee or submit a new Application to Proceed in District Court Without Prepaying Fees or Costs within thirty (30) days of the date of this Order. Failure to either timely pay the filing fee or submit a new Application will result in dismissal of this action.

II. *Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information* (Doc. 3)

Parties appearing without an attorney may request to "file electronically in a form prescribed the Clerk of Court." LRCiv 5.5(e); *see also* LRCiv 5.5(a) and (d), Electronic Case Filing Administrative Policies and Procedures Manual § II.B.3. Evans has submitted the Clerk of Court form. However, Evans' request does not state he has access to a .pdf-compatible word processor or .pdf conversion software. *See* U.S. District Court, District of Arizona, Requirements for Using Electronic Case Filing, https://www.azd.uscourts.gov/efiling/requirements (last accessed 4/27/23). Evans has not shown, therefore, he is eligible for electronic filing. The Court will deny this request with leave to resubmit.

III. *Motion to Reclassify the Case* (Doc. 6)

Asserting the defense has made this request, Evans asks this case be reclassified from "Other Fraud" to "Wire Fraud" pursuant to 18 U.S.C. § 1343. However, Evans refers to a *criminal* statute and the form in which "Other Fraud" was selected, *see* Civil Cover Sheet (Doc. 1-1), is used in *civil* cases. Indeed, "Wire Fraud" is not one of the options available on the form. (*Id.*). The Court will deny this request.

IV. *Motion to Submit Records* (Doc. 7)

Evans requests permission to submit multiple documents and images that show possible evidence tampering. However, at this pleading stage of the proceedings, the Court is considering, as discussed *infra*, whether Evans has stated a claim upon which relief may be granted. The Court does not find it appropriate to consider at this time whether any evidence tampering has occurred. The Court, therefore, will dismiss this request as not ripe. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967) (generally, courts invoke the ripeness doctrine and refuse to decide matters which would involve "entangling themselves in abstract disagreements . . . "); *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003) (requirement of ripeness ensures that issues are definite and concrete, not hypothetical or abstract). However, the Court declines to strike the documents attached to Evans' request.

V. *Motion for Default Judgment* (Doc. 8)

Evans requests default judgment be entered because McAllister has tampered with evidence. Indeed, Fed.R.Civ.P. 37(e) allows for the entry of a default judgment as a sanction for spoliation of evidence. However, in this case, a filing fee has not been paid, the Application has not been approved, the claims against McAllister have not yet been determined pursuant to a screening order, *see* Section IX, *infra*, and McAllister has sought to defend against this action. *See* Fed.R.Civ.P. 55 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The Court, therefore, will dismiss this request as not ripe. *Abbott Laboratories v. Gardner*, 387 U.S. at 148.

VI. *Motion for Referral to Prosecutor's Office* (Doc. 9)

Evans requests this matter be referred to the prosecutor's office for possible charges against McAllister. However, "the discretion to decide whether to bring charges and which

charges to bring is clearly a part of the executive authority—not the judicial authority." *United States v. Major*, 676 F.3d 803, 811 (9th Cir. 2012). Indeed, "[c]ourts generally have no place interfering with a prosecutor's discretion regarding whom to prosecute, what charges to file, . . ." *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir. 2000); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir.1992) ("A judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them."). As it "is axiomatic that the prosecution of crimes is not a proper exercise of the judicial function[,]" *United States v. Neal*, 101 F.3d 993, 997 (4th Cir. 1996), *citations omitted*, the Court will deny this request.

VII. *Motion to Submit Proof of Service* (Doc. 11)

Evans requests to submit proof of service of McAllister. However, as a Complaint has not yet been screened and accepted by the Court, the Court will deny this request.

VIII. *Request by Non-Prisoner Pro Se Party for Electronic Noticing* (Doc. 18)

Evans has requested to receive electronic noticing of court filings. However, in completing the form, Evans has failed to designate an email address to receive the electronic notices. The Court, therefore, will deny this request with leave to resubmit.

IX. *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

X. *General Complaint Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

A complaint must set forth sufficient facts that serve to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(a). "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

XI. *Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has determined that, in order to survive a motion

to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 555. The Court applies this standard to a screening order.

> In discussing *Twombly*, the Ninth Circuit has stated:
>
> "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).
>
> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.*

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western*

---

[1] The holding in *Twombly* explicitly abrogates the well established holding in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

In this case, a Motion to Dismiss has been filed.  However, in light of Evans having filed an Application for IFP, the Court will screen the Complaint instead of addressing the Motion to Dismiss.  Therefore, the Court considers the standards in screening Evans' Complaint to determine if he has "nudge[d] his claims across the line from conceivable to plausible." *Id*. at 570.  The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89 (2007).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim.. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).  Here, the Complaint purports to allege claims for defamation, breach of oral contract, fraud, and emotional distress.  As discussed *infra*, the Court concludes dismissal with leave to amend is appropriate.  The Court will briefly discuss the applicable legal theories and alleged claims.

XII. *Litigation Privilege*

Arizona recognizes an absolute litigation privilege:

> The absolute litigation privilege protects judges, parties, lawyers, witnesses, and jurors. [*Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984) (quoting Restatement (Second) of Torts § 586 (1977))]. "When statements are absolutely privileged, the speaker is immune from civil liability and courts do not inquire into the declarant's motives or whether the statements were made in good faith." *Ledvina v. Cerasani*, 213 Ariz. 569, 571, ¶ 4 (App. 2006).
>
> ¶13 Absolute litigation privilege applies to "defamatory statements" in defamation

claims as well as in other torts based on such statements. *See Drummond v. Stahl*, 127 Ariz. 122, 125 (App. 1980) (applying absolute litigation privilege to a tortious interference with contract claim based on allegedly false allegations made in a complaint). The "overriding public interest that persons should speak freely and fearlessly in litigation" underlying the absolute litigation privilege entitles defendants to immunity from claims arising out of defamatory statements in a judicial proceeding. *Id.* (internal quotation and citation omitted). For these reasons, "[d]efamatory statements contained in pleadings are absolutely privileged *if they are connected with or have any bearing on or are related to* the subject of inquiry." *Id.* (emphasis added).

*Taraska v. Brown*, No. 1 CA-CV 18-0714, 2019 WL 6320968, at *2 (Ariz. Ct. App. Nov. 26, 2019), *footnote omitted*. Further, in presiding over a case involving diversity jurisdiction, i.e., state-law claims, this Court recognizes the protection of the litigation privilege. *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1181 (9th Cir. 2016); *see also Graham-Sult v. Clainos*, 756 F.3d 724, 742 (9th Cir. 2014).

Evans' allegations regarding the defamation claim appear to be based solely on statements made in a judicial proceeding. Further, it also appears that Evans' allegations are at least partially based on statements in a judicial proceeding.

A. *Malicious Prosecution or the Wrongful Institution of Civil Proceedings*

The Court advises Evans that a claim for malicious prosecution may be viable in this case. The Court of Appeals of Arizona has stated:

> This court has routinely held that the litigation privilege does not preclude an action for improper litigation conduct. *See* [*itations omitted*]; *see also* Restatement § 587 (litigation privilege) ("One against whom civil or criminal proceedings are initiated may recover in an action for the wrongful initiation of the proceedings . . . if the proceedings have terminated in his favor and were initiated without probable cause and for an improper purpose."); *Chalpin v. Snyder*, 220 Ariz. 413, 419, ¶ 20, n.5, 207 P.3d 666, 672, n.5 (App. 2008) (although malicious prosecution is often used for both criminal and civil actions, the correct term for malicious prosecution in a civil action is the wrongful institution of civil proceedings).

*Goldman v. Sahl*, 462 P.3d 1017, 1033 (Ariz.App. 2020). However, it appears based on the allegations included in the Complaint a claim upon which relief can be granted cannot be stated because the proceedings have not been terminated in Evans' favor.

XIII. *Rooker-Feldman Doctrine*

The *Rooker–Feldman* Doctrine prevents lower federal courts from maintaining

subject matter jurisdiction to review state court decisions; state court litigants may only obtain federal review by filing a petition for a writ of certiorari in the United States Supreme Court of the United States. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005); see also 28 U.S.C. § 1257 (indicating that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari").

Here, it is not clear if a final judgment has been entered in the restraining order proceeding or whether the matter is pending appeal. If a final judgment has been entered to which no timely appeal has been file, this Court does not have jurisdiction to any extent Evans is seeking review or the vacating of the state restraining order. *See e.g., Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *citation omitted* ("'state-court losers complain[ ] of injuries caused by state-court judgments rendered before the district court proceedings commenced' and ask 'district courts to review and reject those judgments'").

XIV. *Younger Abstention Doctrine*

The *Younger* Doctrine requires federal courts to abstain from exercising jurisdiction over claims that implicate ongoing state proceedings. *Younger*, 401 U.S. 37, 43–44 (1971). This doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The Ninth Circuit has explained *Younger* as follows:

> *Younger* applies only to three categories of cases . . . 1) ongoing state criminal prosecutions; 2) certain civil enforcement proceedings; and 3) civil proceedings involving certain orders . . . uniquely in the furtherance of the state courts' ability to perform their judicial functions. If a state proceeding falls into one of these three categories, *Younger* abstention is applicable, but only if the three additional factors . . . are also met: that the state proceeding is 1) ongoing; 2) implicate[s] important state interests; and 3) provide[s] adequate opportunity . . . to raise constitutional challenges.

*Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 588 (9th Cir. 2022), *citing Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013), *other citations and quotations omitted*.

Additionally, for *Younger* to apply, the federal court action must enjoin the state proceeding or have the practical effect of doing so. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). In this case, if a final judgment has not been entered in the state court proceedings, it appears the elements for *Younger* abstention are present.

As previously stated, it is not clear if a final judgment has been entered in the restraining order proceeding or whether proceedings are ongoing. If the proceedings are ongoing, *Younger* abstention appears appropriate in this case. The state action is a civil enforcement proceeding. *See Sprint*, 571 U.S. at 79-80 ("Such enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act."). Further, there is an important state interest against domestic violence, *see e.g., Kelm v. Hyatt*, 44 F.3d 415 (6th Cir. 1995); *In re Marriage of Kelkar*, 229 Cal. App. 4th 833, 841, 176 Cal. Rptr. 3d 905, 912 (2014), and stalking, *see e.g.*, Christopher J. Mrakovcic, *A Constitutional Right to Localized Intrastate Travel*, 43 Seton Hall Legis. J. 363 (2019). Lastly, there is no reason to believe the state proceeding does not provide an adequate opportunity to raise constitutional challenges.

In addition to monetary damages, Evans seeks a written apology. Such relief may have the practical effect of enjoining and interfering with the state court proceedings.

XV. *Defamation*

Evans asserts a claim of defamation in his Complaint. Oversimplifying, libel is a written or visual defamation, while slander is an oral defamation." *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 1, 6 n. 4, 730 P.2d 178 n. 4 (App. 1985). "'One who publishes a false and defamatory communication concerning a private person . . . is subject to liability, if, but only if, he (a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them.'" *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 449 (Ariz.App. 2015), *citations omitted*.

Evans has alleged that, shortly before February 4, 2023, McAllister published statements that Evans was stalking her; further, Evans appears to dispute if and when he and McAllister "broke up."  However, Evans has made no allegation that McAllister made such statements other than in pursuit of the restraining order in the state court proceedings.  In light of the litigation privilege, the Court finds Evans has failed to state a claim upon which relief can be granted.  This claim will be dismissed with leave to amend.

XVI. *Breach of Oral Contract*

Evans appears to allege a contract existed between him and McAllister such that he would spend money items for McAllister in exchange for living together.  To state a claim for breach of contract, a plaintiff must allege an agreement, the right to seek relief, and a breach by a defendant.  *Commercial Cornice & Millwork, Inc. v. Camel Construction Services Corp.*, 154 Ariz. 34, 739 P.2d 1351 (App. 1987).  A valid contract/agreement requires an offer, acceptance of an offer, consideration, and the intent of both parties to be bound by such agreement. *Goodman v. Physical Res. Eng'g, Inc.*, 270 P.3d 852 (Ariz.App. 2011).

Specifically, Evans alleges meeting McAllister on or about May 23, 2020, and states he "was promised a place to live and were in a relationship."  Complaint (Doc. 1, p. 1).  He alleges he periodically bought items for McAllister, ending in February 2023.  However, these conclusory allegations fail to provide facts to sufficiently allege an agreement between the parties.  For example, Evans alleges he was "under the impression" he was in a relationship with McAllister.  He does not state any facts to allege who made an offer, who accepted the offer, or if any counter-offers were made.  Similarly, he does not allege McAllister agreed to the terms of an agreement or had the intent to be bound by such an agreement. *See e.g., Murphy v. Woomer*, 478 P.3d 251, 256 (Ariz.App. 2020), *review denied and ordered depublished*, 500 P.3d 1041 (Ariz. 2022) ("Aside from conclusory allegations in his complaint, [plaintiff] provided no facts demonstrating an offer that [defendant] had

accepted, *see* Restatement (Second) of Contracts §§ 24, 50 (1981) (defining offer as "a manifestation of willingness to enter into a bargain" and acceptance as "a manifestation of assent to the terms thereof made by the offeree[.]").

Further, Evans does not allege when the parties were to begin living together. Arizona's Statute of Frauds prohibits "an agreement which is not to be performed within one year from the making thereof" or "an agreement for leasing for a longer period than one year[.]" A.R.S. § 44-101(5) and (6). Without specific allegations, the Court cannot ascertain if Evans is alleging a contract valid under Arizona law. The Court will dismiss this claim with leave to amend.

XVII. *Fraud*

Evans alleges fraud as a claim against McAllister. To state a claim of fraud, a plaintiff must allege that a defendant made "a false and material representation, with knowledge of its falsity or ignorance of its truth, with intent that the hearer would act upon the representation in a reasonably contemplated manner, and that the hearer, ignorant of the falsity of the representation, rightfully relied upon the representation and was thereby damaged." *Dawson v. Withycombe,* 163 P.3d 1034, 1046 (Ariz.App. 2007). However, Evans has not alleged what false and material representation McAllister's allegedly made, that she made such representations with knowledge of its falsity or ignorance of its truth, or that she intended Evans would act upon such representation. Additionally, fraud must be alleged particularity with the circumstances constituting fraud. Ariz.R.Civ.P. 9(b); Fed.R.Civ.P. 9. Evans has not alleged the circumstances constituting fraud with particularity. The Court will dismiss this claim with leave to amend.

XVIII. *Emotional Distress*

Evans purports to state a claim for emotional distress, stating he is hurt and distraught. He does not clarify if he is seeking to state a claim for intentional or negligent infliction of

emotional distress.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the conduct of defendant was "extreme" and "outrageous," (2) defendant intended to cause emotional distress or recklessly disregarded the near certainty that such conduct would result from his conduct, and (3) severe emotional distress did occur as a result of defendant's conduct. *Citizen Publishing Co. v. Miller*, 115 P.3d 107, 111 (Ariz. 2005); *Wells Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002) (discussing difference between negligent and intentional torts). The acts must be "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz v. Bell Atlantic Systems Leasing International, Inc.*, 905 P.3d 559, 563 (Ariz.App. 1995), *quotation omitted*. Further, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct. *Ford v. Revlon*, 734 P.2d 580 (Ariz. 1987).

The Court is not aware of any Arizona case that discusses whether or when "breaking up" a relationship may constitute extreme or outrageous conduct. However, in *Cochran v. Cochran*, 65 Cal.App.4th 488 (App. 1998), the feuding that followed a "long-standing intimate relationship" often included "an exchange of hostile unpleasantries which are intended to sting whoever sits at the delivery end." *Cochran*, 65 Cal.App.4th at 498. In that case a pattern of threats was followed by a death threat. *Id*. at 498-99. The court found that the threats were not actionable because they were "the kind of boastful, peevish, spleen-venting" threats "which frequently occurs between the parties to an intimate relationship gone bad." *Id*. at 499. However, there were no allegations that the person ever tried to follow through on any of the threats. *Id*.; *see also Guzman v. Finch*, No. 19CV412-MMA (MDD), 2019 WL 3766659, at *5 (S.D. Cal. Aug. 9, 2019) (where defendant acted on threats (i.e., threatened plaintiff's "career, blocked [plaintiff's] mother's phone number from her phone, prohibited [plaintiff] from speaking to her best friend,

employed psychological tactics to control [plaintiff], raped [plaintiff], and grabbed [plaintiff's] arms and yanked her with so much force that [plaintiff] fell and broke her fibula") and where plaintiff allegedly fell into a deep depression and attempted to commit suicide, dismissal of claim was not appropriate).

In this case, the Complaint contains less actionable allegations that in *Cochran*. Simply put, the Court does not find the conduct alleged by Evans to be extreme or outrageous. Further, being hurt and distraught does not constitute severe emotional distress. The Court finds Evans has failed to allege severe emotional distress did occur as a result of Defendants' conduct. Rather, Evans has made conclusory allegations that fail "to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1964-65. The Court finds Evans has failed to state a claim for intentional infliction of emotional distress upon which relief can be granted.

A claim for negligent infliction of emotional distress requires that the "the emotional distress inflicted 'must be manifested as a physical injury." *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 304, 757 P.2d 105, 108 (App. 1988). Evans has not alleged that the emotional distress was manifested as a physical injury. The Court finds Evans has failed to state a claim for negligent infliction of emotional distress.

The Court will dismiss this claim with leave to amend.

XIX. *Mcallister's Amended Motion to Dismiss Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Improper Venue, and Failure to State a Claim in Which Relief May Be Granted Motions* (Doc. 15), *Motion to Strike* (Doc. 16), and *Motion for Order Declaring Plaintiff Vexatious Litigant* (Doc. 17) and *Evan's Motion to Dismiss Motions/Order* (Doc. 23)

Although a Complaint has been filed in this case, it has not been screened prior to the issuance of this Order. Further, this case has a pending Application for IFP. In these circumstances, the Court finds it appropriate to dismiss the defense motions as not ripe. *Jacobus*, 338 F.3d at 1104. In light of the dismissal of these motions, the Court will deny Evans' Motion to Dismiss Motions/Order as moot.

XX. *Amended Complaint*

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal so Evans can make an intelligent decision whether to file an Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). Furthermore, Evan is advised that all causes of action alleged in the original or amended complaints which are not alleged in any Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Any Amended Complaint filed by Evans must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any Amended Complaint submitted by Evans shall be clearly designated as an Amended Complaint on the face of the document.

Evans should take notice that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed.R.Civ.P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Evans is advised forms to assist him in the resubmission of documents as discussed herein are available on the website of the District of Arizona: https://www.azd.uscourts.gov/forms-self-represented-litigants.

Additionally, the Court advises McAllister she need not answer or respond to any Amended Complaint until the Court screens it and determines whether Evans has stated claims which may proceed.

Accordingly, IT IS ORDERED:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is DENIED WITH LEAVE TO RESUBMIT. Evans shall submit a new Application

or pay the filing fee within thirty (30) days of the date of this Order. Should Evans fail to comply with this Order, this matter will be dismissed.

2. The Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 3) is DENIED WITH LEAVE TO RESUBMIT.

3. The Complaint and the claims included in it are DISMISSED WITH LEAVE TO RESUBMIT. Evans shall submit an Amended Complaint within thirty (30) days of the date of this Order.

4. Any Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior complaint or subsequent pleadings by reference. All causes of action alleged in the original complaint which are not alleged in any Amended Complaint will be waived. Any Amended Complaint submitted by Evans shall be clearly designated as anAmended Complaint on the face of the document. Any Amended Complaint shall comply with the requirements of Fed.R.Civ.P. 8(a), 10(a), and 11(a).

5. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Evans, if Evans fails to file an Amended Complaint within thirty (30) days of the filing date of this Order. Further, the Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Evans, if Evans fails to pay the filing fee or submit a new Application to Proceed in District Court Without Prepaying Fees or Costs within thirty (30) days of the filing date of this Order.

6. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Evans.**

7. At all times during the pendency of this action, Evans shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information

pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Evans shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

8. The Motion to Reclassify the Case (Doc. 6) is DENIED.

9. The Motion to Submit Records (Doc. 7) is DISMISSED AS NOT RIPE.

10. The Motion for Default Judgment (Doc. 8) is DISMISSED AS NOT RIPE.

11. The Motion for Referral to Prosecutor's Office (Doc. 9) is DENIED.

12. The Motion to Submit Proof of Service (Doc. 11) is DENIED.

13. The Request by Non-Prisoner Pro Se Party for Electronic Noticing (Doc. 18) is DENIED WITH LEAVE TO RESUBMIT.

14. The Amended Motion to Dismiss Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Improper Venue, and Failure to State a Claim in Which Relief May Be Granted Motions (Doc. 15) is DISMISSED AS NOT RIPE

15. The Motion to Strike (Doc. 16) is DISMISSED AS NOT RIPE

16. The Motion for Order Declaring Plaintiff Vexatious Litigant (Doc. 17) is DISMISSED AS NOT RIPE.

17. The Motion to Dismiss Motions/Order (Doc. 23) is DENIED AS MOOT.

DATED this 9th day of May, 2023.

_____
Cindy K. Jorgenson
United States District Judge