**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Chance Evans,<br><br>    Plaintiff,<br><br>vs.<br><br>Megann McAllister,<br><br>    Defendant. | No. CIV 23-132-TUC-CKJ<br><br>**ORDER** |

On May 10, 2023, this Court issued an Order which, *inter alia*, determined Austin Chance Evans ("Evans") has stated a claim for defamation based on the emails and directed Megann McAllister ("McAllister") to answer or otherwise respond to the defamation claim based on the emails alleged in the Amended Complaint.

McAllister has filed a Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and Improper Venue ("Motion to Dismiss for Lack of Jurisdiction") (Doc. 41).  Evans has filed a response (Doc. 46) and McAllister has filed a reply (Doc. 45).[1]  Evans has also filed a Motion to Strike the Motion to Dismiss for Lack of Jurisdiction (Doc. 47).

---

[1] The reply is entitled a "Reply in Support of Defendant's Motion to Dismiss Amended Complaint and Motion for Award of Attorney's Fees and Costs."  However, the document indicates McAllister will be seeking an award of attorney's fees once the action is dismissed; this document does not request an award of attorney's fees.  As it is not clear McAllister is seeking an award of attorney's fees at this time, the Court will deny any such request with leave to resubmit.

Evans has also filed two Motions to Dismiss (Docs. 42 and 43),[2] a Motion for Change of Venue (Doc. 48), and a Motion Requesting Motion to Dismiss be Disregarded (Doc. 49). McAllister has filed responses to the Motion for Change of Venue and Motion Requesting Motion to Dismiss be Disregarded (Docs. 50 and 51). Additionally, McAllister addresses Evans' Motions to Dismiss in her reply to the Motion to Dismiss for Lack of Jurisdiction (Doc. 45).

Evans filed a motion seeking dismissal of the defamation claim without prejudice. However, Evans also filed a Motion Requesting Motion to Dismiss be Disregarded. McAllister asserts authority on this issue is limited, but that because briefing is complete and is awaiting a decision, Evans should not be permitted to withdraw his Motion to Dismiss.

A Fed.R.Civ.P. 41(a)(1) voluntary dismissal is effective upon filing, which results in an automatic closure of a case. In such circumstances, a "district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Rush v. Toys 'R' US-Delaware, Inc.*, No. 212CV04139ODWDTBX, 2015 WL 12914162, at *1 (C.D. Cal. Aug. 5, 2015), *quoting Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir.1999). In this case, however, Evans did not refer to Fed.R.Civ.P. 41(a)(1) in submitting a Motion to Dismiss rather than a Notice of Voluntary Dismissal. The case, therefore, was not automatically closed. As a practical matter, Evans' Motion to Dismiss was a Notice of Voluntary Dismissal. The Court finds, therefore, it is inappropriate to "disregard" Evans' Motion to Dismiss and it lacks jurisdiction to issue further orders regarding the defamation claim. In other words, this Court lacks jurisdiction to address the merits of McAllister's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, Evans' Motion to Strike the Motion to Dismiss for Lack of Jurisdiction, and Evans' Motion for Change of Venue.

Furthermore, the Court does not find McAllister's filing of her Motion to Dismiss for Lack of Jurisdiction prior to the filing of Evans' Motion to Dismiss affects this conclusion.

---

[2] The first Motion to Dismiss is not signed. The Court will order this Motion (Doc. 42) be stricken.

- 2 -

1  McAllister does not object to the dismissal, but requests it be with prejudice.  Further,
2  McAllister requests the Court address subject matter jurisdiction, personal jurisdiction, and
3  improper venue as set forth in her Motion to Dismiss for Lack of Jurisdiction (Doc. 41).
4  Indeed, while the Court agrees with McAllister that a suit filed in another court may result
5  in cumulative litigation and waste judicial resources, the Court does not find it appropriate
6  to consider her Motion to Dismiss for Lack of Jurisdiction on the merits.  Rather, the Ninth
7  Circuit has recognized a plaintiff may dismiss a complaint without prejudice under
8  Fed.R.Civ.P. 41(a)(1) "in the face of a 12(b)(6) motion."  *Swedberg v. Marotzke*, 339 F.3d
9  1139, 1145 (9th Cir. 2003); *see also Am. Soccer Co. v. Score First Enterprises, a Div. of*
10 *Kevlar Indus.*, 187 F.3d 1108, 1110 (9th Cir. 1999) (the purported "advanced stage of the
11 case and the effort expended by the court during the hearing [did not present] circumstances
12 justifying an exception to the rule"); *Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d
13 1532, 1535 (9th Cir. 1987).

District courts have addressed whether a motion to dismiss may terminate a plaintiff's right of voluntary dismissal without prejudice.  One such court has stated:

> "A motion to dismiss is 'neither an answer nor, unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment,' and thus does not terminate the plaintiff's right of dismissal by notice."  *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) *citing* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2363 (2d ed. 1995); *see also Miller v. Reddin*, 422 F.2d 1264 (9th Cir. 1970) (holding plaintiffs to be entitled to Rule 41(a)(1) voluntary dismissal even after a hearing on defendants' motion to dismiss).

*Brown v. Morgan*, No. 3:16-CV-5975-RBL-TLF, 2020 WL 1941323, at *4 (W.D. Wash. Feb. 19, 2020), *report and recommendation adopted*, No. C16-5975RBL-TLF, 2020 WL 1942405 (W.D. Wash. Apr. 22, 2020).  Similarly, another court has stated:

> Rule 41(a)[(1)(A)(i)] grants plaintiff a unilateral right to dismiss an action without prejudice and without consent of the Court by filing a notice of dismissal before the defendant has filed an answer or a motion for summary judgment. That right is not cut off by a motion to dismiss.

*Bunkers Int'l Corp. v. Carreira Pitti, P.C.*, No. CIV.A. H-10-3756, 2011 WL 2552473, at *1 (S.D. Tex. June 27, 2011), *citing Exxon Corp. v. Maryland Casualty Co.*, 599 F.3d 659, 661

(5th Cir.1979); *see also* Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ. § 2363 (4th ed. Apr. 2023) ("'Answer,' for purposes of Rule 41(a)(1)(A)(i), does not mean appearance, and the mere fact that a defendant has appeared does not preclude a voluntary dismissal when the defendant has not answered or moved for summary judgment."), *citations omitted*.

The Court finds it appropriate to deny Evans' Motion to Withdraw, grant Evans' Motion to Dismiss without prejudice, and to deny, as moot, McAllister's Motion to Dismiss for Lack of Jurisdiction and Evans' Motion to Strike.

Accordingly, IT IS ORDERED:

1. Evans' Motion to Dismiss (Doc. 42) is STRICKEN.

2. Evans' Motion Requesting Motion to Dismiss be Disregarded (Doc. 49) is DENIED.

3. Evans' Motion to Dismiss (Doc. 43) is GRANTED.

4. McAllister's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and Improper Venue (Doc. 41), Evans' Motion to Strike the Motion to Dismiss for Lack of Jurisdiction (Doc. 47), Evans' Motion for Change of Venue (Doc. 48) are DENIED AS MOOT.

5. The Motion for Award of Attorney's Fees and Costs (Doc. 45) is DENIED with leave to resubmit.

6. This action is DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. 41(a)(1). The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 1st day of September, 2023.

_____
Cindy K. Jorgenson
United States District Judge